```
              DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS & ST. JOHN

                                    )
                                    )
IN RE:                              )
                                    )       Chapter 7
JEFFREY J. PROSSER,                 )       Case No. 06-30009 (JFK)
                                    )
            Debtor.                 )
_____)
                                    )
                                    )
JAMES P. CARROLL, CHAPTER 7         )
TRUSTEE,                            )       Civil No. 2011-34
                                    )
            Plaintiff/Appellee,     )
                                    )
            v.                      )
                                    )
DAWN PROSSER, AND BANK OF           )
AMERICA,                            )
                                    )
            Defendant/Appellant,    )
                                    )
JEFFREY J. PROSSER,                 )
                                    )
            Intervening Defendant.  )
_____)
```

**ATTORNEYS:**

**Bernard C. Pattie, Esq.**
Law Offices of Barnard Pattie P.C.
St. Croix, U.S.V.I.
**Daniel C. Stewart, Esq.**
**Samuel H. Israel, Esq.**
Vinson & Elkins LLP
Dallas, TX
**Yann Geron, Esq.**
Fox Rothschild LLP
New York, NY
     *For James P. Carroll, Chapter 7 Trustee,*

*In re: Prosser*
Civil No. 2011-34
Order
Page 2

**Jeffrey B. Moorhead, Esq.**
Jeffrey B.C. Moorehead, P.C.
St. Croix, U.S.V.I.
    *For Dawn Prosser*.

**Richard P. Farrelly, Esq.**
Birch, De Jongh & Hindels PLLC
St. Thomas, U.S.V.I.
    *For the Bank of America*.

**Lawrence H. Schoenbach, Esq.**
Law Office of Lawrence H. Schoenbach
New York, NY
**Norman A. Abood, Esq.**
Law Office of Norman A. Abood
Toledo, OH
**Robert F. Craig, Esq.**
Robert F. Craig, P.C.
Omaha, NE
    *For Jeffrey Prosser*.

## ORDER

**GÓMEZ, C.J.**

Before the Court is the appeal of Jeffrey J. Prosser from the bankruptcy court's March 4, 2011, Memorandum Opinion and March 10, 2011, Order authorizing the sale of certain property.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Jeffrey J. Prosser ("Prosser") was an officer and director of Innovative Communication Corporation (hereinafter, "Innovative" or "New ICC"), a management and holding company that owned all of the common stock of various subsidiaries that provided telephone, newspaper, cable television, internet, and other media-related services in the United States Virgin Islands

*In Re Prosser*
Civil No. 2011-34
Order
Page 3

and elsewhere. Prosser was also an officer, director, and sole member of Innovative Communication Company, LLC ("ICC-LLC"), the parent company of New ICC.

On April 10, 2000, Dawn Prosser and her husband Jeffrey Prosser (collectively, the "Prossers") acquired title to real property located at 252 El Bravo Way, Palm Beach, Florida 33480 (hereinafter, "the Palm Beach Property" and or "the Property") from New ICC as tenants by the entirety.

After acquiring title, the Prossers jointly pledged the Property as collateral for a loan from Bank of America ("BOA"). BOA asserts that it is currently owed approximately $4,813,355.16 in outstanding principal balance and approximately $616,481.79 in accrued interest plus all other amounts provided for in the loan documents. The Prossers are jointly and severally responsible for the repayment of the loan from BOA.

On July 31, 2006, Jeffrey Prosser filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. Stan Springel ("Springel") was appointed as Chapter 11 trustee. On October 3, 2007, the Bankruptcy Division entered an order converting Jeffrey Prosser's case from Chapter 11 to Chapter 7. Subsequently, James Carroll ("Carroll") was appointed as Chapter 7 Trustee.

On January 31, 2008, Springel, as Chapter 11 trustee, commenced an adversary proceeding. In that proceeding, Springel

*In Re Prosser*
Civil No. 2011-34
Order
Page 4

sought to avoid the transfer of the Palm Beach property from New ICC to the Prossers as a fraudulent conveyance. The Bankruptcy Court issued a Report and Recommendation ("R&R") on October 9, 2009. The Bankruptcy Court supplemented its R&R on October 28, 2009. In the R&R, the Bankruptcy Court recommended that this Court enter an order granting summary judgment in favor of Springel. Jeffery Prosser appealed the R&R. The R&R and notice of appeal were docketed in Civil. No. 2008-54.[1]

Subsequently, on November 11, 2010, Springel and Carroll entered into a stipulation in which they agreed that the Palm Beach property should be marketed and sold, regardless of which estate is determined to be the owner. Springel and Carroll agreed to this accommodation in order to maximize the value of their respective estates. They asserted that the Palm Beach property was diminishing in value because interest, insurance, taxes, and other costs were accruing against the Palm Beach property.

On March 17, 2010, Carroll commenced an adversary action seeking authority to sell the Palm Beach property. Carroll then filed a motion for summary judgment in that action. The

---

[1] On July 21, 2011, this Court adopted the R&R insofar as it recommended: denial of Prosser's motion for summary judgment; dismissal without prejudice of certain counts; and denial of Springel's motion for summary judgment as to certain counts. (Civil No. 2008-54, ECF No. 70.) This Court rejected the R&R insofar as it recommended: granting a declaration that Carroll had no interest in the Palm Beach Property and granting Springel's motion for summary judgment as to certain counts. (*Id*.)

*In Re Prosser*
Civil No. 2011-34
Order
Page 5

Bankruptcy Court granted Carroll's motion and entered summary judgment. Pursuant to the summary judgment order, Carroll was authorized to market, but not consummate the sale of the Palm Beach property. Dawn Prosser appealed the Bankruptcy Court order to this Court. (Civil No. 2010-59.) That appeal is pending before District Judge Wilma A. Lewis.

Thereafter, on January 26, 2011, Carroll petitioned the Bankruptcy Court for an order approving the sale of the Palm Beach property.

On March 4, 2011, the Bankruptcy Court issued a memorandum opinion explaining that it would confirm the sale of the Palm Beach residence if Dawn Prosser chose not to exercise her right of first refusal (the "March 4, 2011, Memorandum Opinion"). The Memorandum Opinion further put the parties on notice of necessary closing dates if the Palm Beach property is sold.

On March 10, 2011, the Bankruptcy Court entered an order authorizing the sale of the Palm Beach residence (the "March 10, 2011, Order"). The Bankruptcy Court stated that Dawn Prosser had not timely reserved her right of refusal. As such, the Bankruptcy Court authorized the sale to PB Purchase, LLC ("PB") for $6,910,000. The court further ordered PB to close on the sale on or before April 30, 2011, at 5:00 P.M., explaining that if the closing did not occur by the deadline then the second highest

*In Re Prosser*
Civil No. 2011-34
Order
Page 6

bidder, Richard G. Robb, must close on the sale.

On March 10, 2011, the Prossers appealed the Bankruptcy Court's March 4, 2011, Memorandum Opinion and March 10, 2011, Order.

The Bankruptcy Court held a hearing concerning the matter on April 1, 2011. Thereafter, the Bankruptcy Court issued an order staying the sale of the Palm Beach property until April 8, 2011. The Bankruptcy Court ordered the Prossers to post a cash or surety bond for $7.71 million if they wished to extend the stay. Thereafter, the Prossers petitioned this Court for a stay pending appeal. On April 12, 2011, this Court granted a stay until May 2, 2011.

Subsequently, Prosser filed a motion to extend the stay pending appellate review. On May 2, 2011, this Court entered a text order staying the sale until June 24, 2011, at 6:00 p.m.

On May 4, 2011, Carroll moved for reconsideration of the Court's May 2, 2011, stay order. Before the Court ruled on Carroll's motion, Carroll filed a Petition for Writ of Mandamus in the U.S. Court of Appeals for the Third Circuit on May 10, 2011.

The Third Circuit granted the petition on May 12, 2011. The Third Circuit ordered that this Court's May 2, 2011, order would be vacated unless the Prossers posted a $7.71 million supersedeas

*In Re Prosser*
Civil No. 2011-34
Order
Page 7

bond by 12:00 noon on May 13, 2011. Specifically, the Third Circuit explained that in the absence of posting a bond in the full amount by 12:00 noon on May 13, 2011, the sale of the Palm Beach property would go forward on May 16, 2011.

On May 13, 2011, the Prossers filed a motion before this Court for approval of a supersedeas Bond. In their motion, the Prossers submitted a quitclaim deed of the Palm Beach property. The Prossers stated in their motion that according to the Bankruptcy Court, the Palm Beach property is valued at $6.91 million. They also offered a first priority mortgage held by Dawn Prosser for up to $2 million on real property in St. Croix described as Plot No. Five and Plot No. 10-a of Estate Anna's Hope East End Quarter "A", St. Croix, U.S. Virgin Islands ("St. Croix property").

On May 19, 2011, Carroll filed a motion to dismiss this appeal as moot. Specifically, Carroll avers that "the Chapter 7 Trustee has now completed the closing of the sale of [the Palm Beach Property] and the appeal . . . is rendered moot under Section 363(m) of the Bankruptcy Code and the doctrine of equitable mootness." (ECF No. 43.) The Prossers have not filed an opposition to Carroll's motion to dismiss.

Thereafter, on May 20, 2011, this Court denied the Prossers' motion for approval of a supersedeas Bond. The Court noted that

*In Re Prosser*
Civil No. 2011-34
Order
Page 8

the Bankruptcy Court had not had occasion to consider the Bond in accordance with Fed. R. Bankr. P. 8005.

On the same day, the Prossers moved this Court to reconsider its May 20, 2011, order. The Prossers also filed a motion to supplement their motion for reconsideration.

## II.  **JURISDICTION AND STANDARD OF REVIEW**

The Court has jurisdiction to review this case pursuant to Title 28 U.S.C. § 158(a).[2]  The Court will review the bankruptcy court's findings of fact for clear error and will exercise plenary review over questions of law. *In re Barbel*, No. 01-221, 2004 U.S. Dist. LEXIS 19417, at *2 (D.V.I. Sept. 21, 2004) ("A district court reviews the Bankruptcy Division's conclusions of law *de novo* but may only review findings of fact that are clearly erroneous") (citing Fed. R. Bankr. P. 8013; *In re Excalibur Auto. Corp.*, 859 F.2d 454, 457 (7th Cir. 1988)), *aff'd* 183 Fed. App'x 227 (3d Cir. 2006).

## III.  **DISCUSSION**

**A. Sale of Estate Property**

Pursuant to Title 11 U.S.C.S. § 363(b)(1), a bankruptcy

---

[2] Title 28 U.S.C. § 158(a) provides that "[t]he district courts of the United States shall have jurisdiction to hear appeals . . . of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157].  An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving." 28 U.S.C. § 158(a) (2011).

*In Re Prosser*
Civil No. 2011-34
Order
Page 9

trustee, "after notice and a hearing, may [sell], other than in the ordinary course of business, property of the estate..." Section 363(b) also permits a bankruptcy trustee to sell property "free and clear of any interest in such property of an entity other than the estate, only if--

>      (1) applicable nonbankruptcy law permits the sale of such property free and clear of such interest;
>      (2) such entity consents;
>      (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>      (4) such interest is in bona fide dispute; or
>      (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C.S. § 363(f).

The Federal Rules of Bankruptcy Procedure govern the sale of property belonging to a bankruptcy estate. The relevant portions read as follows:

>             (a) Notice of proposed [sale] of property, other than cash collateral, not in the ordinary course of business shall be given . . .
>
>             (b) Except as provided in subdivisions (c) and (d) of this rule, an objection to a proposed [sale] of property shall be served not less than seven days before the date set for the proposed action or within the time fixed by the court. . . .
>
>             (c) A motion for authority to sell property free and clear of liens or other interests shall be made in accordance with Rule 9014 and shall be served on the parties who have liens or other interests in the property to be sold.

*In Re Prosser*
Civil No. 2011-34
Order
Page 10

> The notice required by subdivision (a) of this rule shall include the date of the hearing on the motion and the time within which objections may be filed and served on the debtor in possession or trustee.
>
> . . . .
>
> (e) If a timely objection is made pursuant to subdivision (b) or (d) of this rule, the date of the hearing thereon may be set in the notice given pursuant to subdivision (a) of this rule.
>
> (f) (1) All sales not in the ordinary course of business may be by private sale or public auction. Unless impracticable, an itemized statement of the property sold, the name of each purchaser, and the price received for each item or lot or for the property as a whole if sold in bulk shall be filed on completion of a sale. If the property is sold by an auctioneer, the auctioneer shall file the statement, transmit a copy thereof to the United States trustee.
>
>     (2) After a sale in accordance with this rule the debtor, the trustee, or debtor in possession, as the case may be, shall execute any instrument necessary or ordered by the court to effectuate the transfer to the purchaser.
> . . . .

Fed. R. Bankr. P. 6004.

**B. Appealing Order Authorizing Sale**

"A party may 'appeal from a final judgment, order, or decree of a bankruptcy judge to a district court' as of right 'by filing a notice of appeal with the [bankruptcy court] clerk within the

*In Re Prosser*
Civil No. 2011-34
Order
Page 11

time allowed by Rule 8002.'" *Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 494 (3d Cir. 1998) (quoting Fed. R. Bankr. P. 8001). However, when the final order authorizes the sale of bankruptcy estate property, there are certain limits on appellate review. 11 U.S.C. § 363(m). Specifically:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property *in good faith*, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m) (emphasis added); *see also Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, 498(3d Cir. 1998).

Section 363(m) will not moot every appeal not accompanied by a stay. *Krebs*, 141 F.3d at 499. "It does, however, restrict the results of a reversal or modification of a bankruptcy court's order authorizing a sale or lease, if reversal or modification would affect the validity of the sale or lease." *Id*. There are two prerequisites for Section 363(m) "statutory" mootness: (1) the underlying sale or lease was not stayed pending the appeal, and (2) the court, if reversing or modifying the authorization to sell or lease, would be affecting the validity of such a sale or

*In Re Prosser*  
Civil No. 2011-34  
Order  
Page 12

lease. *Id*. at 499.

## IV. ANALYSIS

On appeal, the Prossers assert that the bankruptcy court erred when it issued its March 4, 2011, Memorandum Opinion and its March 10, 2011, Order authorizing the sale of the Palm Beach Property.

As a threshold matter, the Court will assess whether it may properly assert jurisdiction. To that end, the Court will first inquire whether the matter on appeal is moot. 11 U.S.C. § 363(m).

### A. Statutory Mootness: 11 U.S.C. § 363(m)

In *Krebs Chrysler-Plymouth, Inc. v. Valley Motors, Inc.*, 141 F.3d 490, Valley Motors, Inc. ("Valley") executed various buy-sell agreements to sell its interest in a Jeep-Eagle franchise to Krebs Chrysler-Plymouth, Inc. ("Krebs") for $295,000. Krebs paid half of that amount upon execution of the agreement. The second half was to be paid in two installments. Before the second half could be paid, Valley filed a Chapter 11 bankruptcy petition. Valley then moved to assume the buy-sell agreement with Krebs under 11 U.S.C. § 365. The bankruptcy court entered an order permitting Valley to sell three of its franchises via bankruptcy auction for $425,000 (the price for the Jeep-Eagle franchise was $230,000).

Krebs successfully bid for Valley's three franchises in the

*In Re Prosser*
Civil No. 2011-34
Order
Page 13

auction. Krebs paid ten percent of the total purchase price. However, Krebs refused to pay the full purchase price for the franchises. Krebs argued that it had an equitable interest in the $147,500 that it had paid to Valley prior to the filing of Valley's bankruptcy petition. The bankruptcy court authorized the sale and ordered Krebs to close. Thereafter, the sale was closed. Krebs appealed the bankruptcy court's order authorizing the sale. The district court affirmed the bankruptcy court's order authorizing the sale. Krebs appealed to the United States Court of Appeals for the Third Circuit.

Before the Third Circuit, Valley argued that Krebs's appeal was moot under 11 U.S.C. § 363(m) ("Section 363(m)") because Krebs sought to attack the validity of the sale without first procuring a stay. The Third Circuit discussed the prerequisites for Section 363(m) "statutory" mootness. Specifically, the appellate court noted that the existence of two conditions would warrant a finding of mootness. The first condition was the absence of a stay of the underlying sale. The second condition was a petition for a remedy that would affect the validity of the sale.

Undertaking the first phase of its analysis, the *Krebs* court noted that it was undisputed that the underlying sale was not stayed pending appeal. Thus, the Circuit found that the first

*In Re Prosser*
Civil No. 2011-34
Order
Page 14

prerequisite for statutory mootness was present.

The second phase of the inquiry asks "whether a remedy can be fashioned that will not affect the validity of the sale." *Krebs*, 141 F.3d at 499. The *Krebs* Court explained that it "must look to the remedies requested by the appellants." *Id*. Krebs sought to "reconsider, alter, or amend" the bankruptcy court's decision approving an auction sale of franchises. *Id*. The Circuit found that this would naturally have an impact on the validity of the auction sale, because reversing the approval would necessarily require reversing any subsequent assumption and assignment of the franchises. Thus, the Circuit determined that the remedy sought by Krebs was "not permitted by [S]ection 363(m)." *Id*.

The Circuit concluded that "under 363(m), Krebs's appeal is moot because it did not receive a stay of the sale pending appeal, the sale has since been closed, and the relief it seeks would impact the validity of that sale." *Id*. at 500.

Here, the Prossers filed several motions to say the sale of the Palm Beach Property. While the bankruptcy court and this Court granted several such motions, the Third Circuit vacated this Court's most recent stay and ordered that the Prossers post a $7.71 million supersedeas bond to halt the sale. The Prossers failed to post such a bond. As such, there was no stay of the

*In Re Prosser*
Civil No. 2011-34
Order
Page 15

underlying sale. The absence of a stay pending appeal of the order authorizing the sale of the Palm Beach Property satisfies the first prong for 363(m) statutory mootness. *Krebs*, 141 F.3d at 499.

The Court's inquiry is not concluded, however. The Court must assess whether the Prossers might avail themselves of a remedy that will not affect the validity of the sale of the Palm Beach Property.

That assessment necessarily requires a review of the remedy sought by the Prossers. Here, the Prossers seek reversal of the bankruptcy court's March 4, 2011, Memorandum Opinion, and March 10, 2011, Order authorizing the sale of the Palm Beach Property. Following the bankruptcy court's authorization of the sale, the Palm Beach Property was sold on May 16, 2011.

Reversal of the Memorandum Opinion and Order would require reversing subsequent transactions. As such, just as in *Krebs*, reversal or modification of the Memorandum Opinion and Order authorizing sale of the Palm Beach Property will have an impact on the validity of the sale. "[T]his remedy is not permitted by [S]ection 363(m)." *Krebs*, 141 F.3d at 499.

Finally, although Section 363(m) restricts relief sought by appellants who have not procured a stay pending appeal, it limits buyers as well. In order to receive the protections of Section

*In Re Prosser*
Civil No. 2011-34
Order
Page 16

363(m), a buyer must have purchased "in good faith." 11 U.S.C. § 363(m). "Unfortunately, neither the Bankruptcy Code nor the Bankruptcy Rules attempt to define 'good faith.'" *In re Abbotts Dairies*, 788 F.2d 143, 147 (3d Cir. 1986) (finding dismissal inappropriate where the bankruptcy court, in approving an asset sale, had not made a finding of whether the buyer acted in "good faith," or whether he purchased the assets for "value").

"Courts applying Section 363(m) (and its predecessor, Fed. R. Bankr. P. 805) have, therefore, turned to traditional equitable principles, holding that the phrase encompasses one who purchases in "good faith" and for "value." *Id*. (citations omitted). "Courts have generally appeared willing to set aside confirmed sales that were 'tinged with fraud, error or similar defects which would in equity affect the validity of any private transaction.'" *Id*. at 147-48 (quoting *Taylor v. Lake* (*In re Cada Invs.*), 664 F.2d 1158, 1162 (9th Cir. 1981)).

"Because the question of whether [a buyer] was a good faith purchaser requires the determination of an ultimate fact," a district court must review a bankruptcy court's finding of "good faith" using a "clearly erroneous standard." *Abbotts*, 788 F.2d at 147, 149 (stating that "the district court should have remanded the matter to the bankruptcy court for a finding as to whether ADC purchased Abbotts' assets "in good faith," or whether ADC and

*In Re Prosser*
Civil No. 2011-34
Order
Page 17

Abbotts ...colluded in an attempt to take unfair advantage of prospective bidders ...; it should not have taken it upon itself to determine this question in the first instance").

Here, in its March 4, 2011, Memorandum Opinion, the Bankruptcy Court held that Carroll exercised sound business judgment in attempting to sell the Palm Beach Property. In arriving at this decision the Bankruptcy Court noted that the monthly carrying costs for the Palm Beach Property are $40,000.[3] The high carrying costs are causing equity of the property to erode rapidly. Further, Bank of America has consented to a $500,000 carve out. The carve out reduces Bank of America's distribution from $5,775,000 to $5,275,000.[4] The carve will be beneficial to other unsecured creditors.

The winning bidder at the auction, PB Purchase, LLC, offered $6,910,000 for the property. The Bankruptcy Court agreed that this was a fair price for the property. The Bankruptcy Court also found that there was adequate and reasonable notice provided regarding the property because it was listed in the V.I Source,

---

[3] The Bankruptcy Division found that for the last two years, the Prossers have enjoyed the Palm Beach Property without paying monthly mortgage payments of approximately $27,559.28, annual taxes of approximately $125,000, or the costs of insuring the Property.

[4] A broker's commission of five percent is due if the sale is approved. Five percent of the winning bid of $6,910,000 is $345,500. Estimated closing costs approximate $70,000. Thus, with the carve out, a total of approximately $643,500 would remain after payment of all the costs. The $643,500 would be available for distribution to unsecured creditors. Without the carve out, $143,500 would be available for distribution.

*In Re Prosser*
Civil No. 2011-34
Order
Page 18

the Wall Street Journal, and the Palm Beach Daily News. Finally, the Bankruptcy Court held that PB Purchase, LLC was a good faith purchaser.

Taking note of the bankruptcy court's findings of fact, and perceiving no clear error, this Court adopts the bankruptcy court's finding of "good faith" for the purposes of Section 363(m). Accordingly, Section 363(m), and the statutory mootness principle applies to this appeal.

Because there is 1) a "good faith" purchaser, 2) no stay pending appeal, and 3) a requested relief which would affect the validity of the sale, this appeal is statutorily moot. *See Krebs*, 141 F.3d at 500.

## V. CONCLUSION

For the foregoing reasons, the Court will dismiss as moot the Prossers' appeal of the bankruptcy court's March 4, 2011, Memorandum Opinion and March 10, 2011, Order authorizing the sale of the Palm Beach Property.

The premises considered, it is hereby

**ORDERED** that this appeal is **DISMISSED AS MOOT**; and it is further

**ORDERED** that the Clerk of the Court shall **CLOSE** this case.

S/_____
    **CURTIS V. GÓMEZ**
      **Chief Judge**